■ In the Matter of FRANK RICHARDSON, Petitioner, v PETER J. LACY, as Superintendent of Bare Hill Correctional Facility, Respondent. [657 NYS2d 372] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

While an inmate at Bare Hill Correctional Facility in Franklin County, petitioner was observed tampering with a sandwich machine, which he was prohibited from using, located in a facility break room. Following a disciplinary hearing, petitioner was found guilty of tampering with State property. He commenced this CPLR article 78 proceeding challenging this administrative determination on the basis that it is not supported by substantial evidence.

We disagree. The author of the misbehavior report testified at the disciplinary hearing that he heard the sandwich machine operating and, when he looked into the break room, he saw petitioner standing in front of the machine pushing the

buttons. Although petitioner initially denied touching the machine, he later admitted that he was present in the break room in front of the machine and may have hit the buttons by mistake. In our view, this constitutes substantial evidence supporting the administrative determination of guilt (*see, Matter of Jackson v Dufrain*, 221 AD2d 778).

Mikoll, J. P., Mercure, Casey, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs and petition dismissed.